IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 08 72ML |
| VS. | ) | In violation of: 18 U.S.C. §§ 4, 1512(b)(1), 1001. |
| PAUL VITTORIO | ) | |

INFORMATION

The United States Attorney charges that:

INTRODUCTION

1. At all times material to this Information, the defendant, PAUL VITTORIO, was employed as a patrol officer by the North Providence Police Department.

2. As a patrol officer with the North Providence Police Department, the defendant was sworn to uphold and enforce the laws of the State of Rhode Island and of the United States.

3. From at least the Spring of 2005 until the Spring of 2008, the defendant, PAUL VITTORIO, knew that an individual known to the United States, hereafter referred to as T-1, was distributing Schedule II and III controlled substances, as well as prescription drugs, in violation of the laws of Rhode Island and the United States, from various locations in North Providence, Rhode Island.

4. On several occasions between the Spring of 2005 and the Spring of 2008, the defendant, PAUL VITTORIO, himself obtained Schedule III controlled substances, to wit hydrocodone, and prescription drugs from T-1, in violation of the laws of Rhode Island and the United States.

5. In August 2006, the defendant, PAUL VITTORIO, arrested an individual who later provided information to the North Providence Police Department about T-1's drug distribution operation on Mineral Spring Avenue in North Providence. The defendant, PAUL VITTORIO, knew that this person provided information about T-1 to detectives of the North Providence Police Department.

6. As a result, in or about late August to early September 2006, the defendant, PAUL VITTORIO, met T-1 at the home of a witness, hereafter referred to as W-1, and alerted T-1 to the possibility that he may be under law enforcement investigation. The defendant, PAUL VITTORIO, suggested to T-1 that he close up his Mineral Spring Avenue drug distribution location.

7. During this period of time, T-1 was in fact under investigation by federal and local law enforcement agents for the distribution of controlled substances.

8. In or about September 2006, as a result of the information provided to him by the defendant, PAUL VITTORIO, T-1 relocated his drug distribution operation from Mineral Spring Avenue, North Providence, Rhode Island, to a location on Plainfield Pike, Johnston, Rhode Island.

9. In November 2007, T-1 was arrested by the Rhode Island State Police for various offenses including the unlawful distribution of controlled substances.

10. In May 2008, T-1 was arrested by the Food and Drug Administration-Office of Criminal Investigations (hereafter referred to as FDA-OCI) for various offenses including the unlawful distribution of controlled substances.

11. At no time between the Spring of 2005 and the present, did the defendant, PAUL VITTORIO, disclose to any local, state, or federal law enforcement agent his knowledge of the unlawful drug distribution activities of T-1.

12. In May 2008, the defendant, PAUL VITTORIO, met with W-1 and learned that W-1 was subpoenaed to testify before a federal grand jury in the District of Rhode Island concerning violations of various federal laws, including the unlawful distribution of controlled substances by T-1 and other individuals.

13. In May and June 2008, the defendant, PAUL VITTORIO, met with W-1 on various occasions in order to determine what information W-1 provided to law enforcement and to the grand jury concerning the defendant's association with T-1.

14. On or about May 15, 2008, the defendant, PAUL VITTORIO, met with W-1 to discuss the testimony of W-1 before the grand jury. The defendant, PAUL VITTORIO, told W-1, "whatever you say, if my name ever comes up, just don't tell about drugs . . . Don't say anything about drugs."

15. On or about June 2, 2008, the defendant, PAUL VITTORIO, asked W-1, "what did you tell them, the grand jury, that you, that [T-1] gave me pills?" In response, W-1 stated: "No, I lied. I lied." Defendant PAUL VITTORIO responded, "O.K." W-1 then asked the defendant, PAUL VITTORIO, "Do you think I can get in trouble?" To which the defendant, PAUL VITTORIO, replied: "You won't. You're not going to be put in jail. Put it that way, nothing is going to happen. . . . What did they ask you in the grand jury? My name didn't come up at all?"

16. On or about June 2, 2008, the defendant, PAUL VITTORIO, said to W-1, "the best thing that can happen right now . . . is if [T-1] dies."

COUNT I
(Misprision of a Felony)

17. The United States realleges and incorporates by this reference paragraphs 1-11 of this Information in their entirety as though fully set forth herein.

18. From in or about August 2006 to in or about May 2008, in the District of Rhode Island, the defendant, PAUL VITTORIO, did have knowledge of the actual commission of a felony cognizable by a court of the United States, to wit the distribution and possession with intent to distribute Schedule II and Schedule III Controlled Substances, in violation of 21 U.S.C. § 841 et seq., by T-1, and did conceal and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

All in violation of 18 U.S.C. § 4.

COUNT II
(Tampering with a Witness)

19. The United States realleges and incorporates by this reference paragraphs 1-16 of this Information in their entirety as though fully set forth herein.

20. From on or about May 12, 2008, to on or about June 3, 2008, in the District of Rhode Island, the defendant, PAUL VITTORIO, did knowingly and intentionally corruptly persuade, and attempt to corruptly persuade, and engage in misleading conduct toward another person, to wit W-1, with the intent to influence the testimony of W-1 in an official proceeding, that is, a federal grand jury of the District of Rhode Island, which was investigating possible violations of federal criminal laws, including the distribution of controlled substances by T-1 and

others known and unknown to the grand jury, in violation of 21 U.S.C. § 841 et. seq., and misprision of a felony and obstruction of justice by the defendant, PAUL VITTORIO, in violation of 18 U.S.C. §§ 4, 1503, 1512(b), in that the defendant , PAUL VITTORIO, did instruct W-1 to lie to the grand jury about defendant's association with T-1, and specifically the fact that defendant obtained controlled substances from T-1.

All in violation of 18 U.S.C. § 1512(b)(1).

COUNT III

21. The United States realleges and incorporates by this reference paragraphs 1-16 of this Information in their entirety as though fully set forth herein.

5. On or about June 13, 2008 , in the District of Rhode Island, the defendant, PAUL VITTORIO, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations to a Special Agent of the FDA-OCI, in a matter that is within the jurisdiction of the Government of the United States, in that the defendant falsely denied obtaining controlled substances from T-1 and falsely stated that he only obtained certain non-controlled prescription medications from T-1.

All in violation of 18 U.S.C. § 1001(a) (2).

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

Dated: August 12, 2008

STEPHEN G. DAMBRUCH
Criminal Division Chief